# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LI ZHUO LIN,                              :        No.   3:24cv1157
              **Plaintiff**               :
                                          :        **(Judge Munley)**
          v.                              :
                                          :
                                          :
**WILLIAM SKOTLESKI,**                    :
**BRIAN KONOPKA,**                        :
**ANTHONY DOBLOVASKY, and**               :
**JUSTIN HOPE,**                          :
              **Defendants**              :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the defendants' motion to stay this civil rights case. Plaintiff opposes the motion. The parties have briefed their respective positions and the matter is ripe for disposition.

**Background**[1]

Plaintiff Li Zhuo Lin alleges that on July 16, 2022, he was a passenger in a car driven by Kai Chen. (Doc. 1, ¶¶ 7-8). Defendant Brian Konopka, a Trooper of the Pennsylvania State Police, stopped the vehicle, purportedly due to traffic violations. (Id. ¶ 11). Konopka sought consent from Chen to search the automobile. (Id. ¶ 32). Chen indicated that he granted permission to search the

---

[1] Except where noted, these background facts are derived from the plaintiff's complaint. The court makes no ruling at this time as to the ultimate veracity of alleged facts but provides them merely as background.

passenger compartment of the vehicle, but he did not consent to a search of the trunk or hatch area where plaintiff had his property.  (Id. 33).

Then, Konopka requested that a Pennsylvania State Police K-9 Unit be sent to the scene, despite having no probable cause or reasonable suspicion, according to the complaint.  (Id. ¶ ¶ 34).  While waiting for the K-9 Unit, another Pennsylvania State Trooper arrived on the scene, Defendant Justin Hope.  (Id. ¶ 35).

Over an hour after the initial stop, Defendant Doblovasky arrived on the scene with a K-9 Unit.  (Id. ¶ 37).  After the K-9 allegedly "alerted" to the vehicle, Konopka again attempted to obtain consent to search the vehicle from plaintiff and Chen.  (Id. ¶¶ 38-40).  They did not consent, and the troopers called for a tow truck to take the vehicle to the PSP Hazelton's Impound Lot.  (Id.¶¶ 41-42).

Plaintiff and Chen were arrested and taken to the PSP Hazleton.  (Id. ¶ 44).  Authorities seized the vehicle and recovered $150,200.00 in cash from it.  They, however, found no drugs or other contraband in the vehicle.  (Id. ¶ ¶ 46, 66).  Defendants did not cite Chen or plaintiff for any criminal offenses or traffic offenses.  (Id. ¶ 48).

Nearly a year and a half later, despite no evidence that the currency had been involved in any criminal offense, Defendant Trooper William Skotleski proceeded as the affiant in a Luzerne County, Pennsylvania Petition for

2

Forfeiture and Condemnation of the money found in the vehicle, Commonwealth v. $150,200.00 Currency, No. 2023-12708 (C.C.P. Luzerne Cnty.). (Id. ¶¶ 49-50; Doc. 7-1). According to the plaintiff, the basis for the forfeiture is that the currency, like most currency in circulation, had trace exposure to cocaine. The instant civil rights case followed.

Plaintiff's three-count complaint contains the following causes of action: 1) a claim for violation of the plaintiff's Fourth, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; 2) a claim for racial discrimination pursuant to 42 U.S.C. § 1981; and 3) a claim for conversion pursuant to Pennsylvania state law, wherein plaintiff asserts that the defendants improperly seized his property, including the cash.

After being served with the complaint, the defendants filed the instant motion to stay the case. The motion has been briefed. After filing the motion to stay, the defendants filed a motion for an extension of time to file an answer. If the stay were granted, they sought thirty (30) days from the lifting of the stay to answer, and if the stay were denied, they sought thirty (30) days from denial of the motion to stay. The court granted the defendants' motion for an extension of time to file the answer. Plaintiff filed a motion for reconsideration of the order granting the defendants an extension of time to answer. The motion for stay and

3

the plaintiff's motion for reconsideration have been briefed, bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to 42 U.S.C. §§ 1981 and 1983, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The court has supplemental jurisdiction over the plaintiff's state law conversion claim pursuant to 28 U.S.C. § 1367.

**Discussion**

Defendants have moved to stay the instant civil action pending the outcome of the forfeiture action in state court based upon the Younger Abstention Doctrine. See Younger v. Harris, 401 U.S. 37 (1971). The defendants urge the court to abstain from exercising jurisdiction over plaintiff's claims on the basis that resolution of this lawsuit would interfere with the ongoing state proceedings.  Plaintiff, on the other hand, argues that Younger is inapplicable in this case. For the reasons articulated below, the court agrees with the defendants and will stay the case.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 358 (1989).  Abstention, however, "is the judicially

4

created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." <u>Heritage Farms, Inc. v. Solebury Twp.</u>, 671 F.2d 743, 746 (3d Cir. 1982). In <u>Younger</u>, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." <u>Yang v. Tsui</u>, 416 F.3d 199, 202 (3d Cir. 2005) (discussing <u>Younger</u>, 401 U.S. 37 (1971)). The <u>Younger</u> Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." <u>Younger</u>, 401 U.S. at 43.

Although <u>Younger</u> dealt with a criminal proceeding, the Supreme Court has since expanded application of the doctrine to "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a State's interest in enforcing the orders and judgments of its courts[.]" <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 571 U.S. 69, 72-73 (2013) (internal quotations omitted). Thus, the suitable circumstances for <u>Younger</u> abstention consist of "ongoing state criminal prosecutions," "certain civil enforcement proceedings," and "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial function." <u>Id.</u> at 78 (internal quotations omitted).

Defendants argue that the state court forfeiture action constitutes a "quasi-criminal" civil enforcement action, initiated by a state actor to sanction the federal

5

plaintiff, and therefore qualifies for <u>Younger</u> abstention. The Supreme Court has specified that quasi-criminal civil enforcement proceedings qualify for <u>Younger</u> abstention if they are "akin to criminal proceedings in important respects," "characteristically initiated to sanction the federal plaintiff . . . for some wrongful act," and where "a state actor is routinely a party to the state proceeding and often initiates the action." <u>Id.</u> at 79.

To determine if a state court action is quasi-criminal, the court examines the following three factors:

> (i) Whether the proceeding was initiated by a state in its sovereign capacity;
>
> (ii) Whether the proceeding sought to sanction the federal plaintiff as retribution for a violation of a legal right or duty; and
>
> (iii) Whether the proceeding has another striking similarity with a criminal prosecution, such as by beginning with a preliminary investigation that culminates with the filing of formal charges or by the state's ability to sanction the federal plaintiff's conduct through a criminal prosecution.

<u>Borowski v. Kean Univ.</u>, 68 F.4th 844, 851 (3d Cir. 2023).

If a case falls within the quasi-criminal category, three additional conditions, articulated in <u>Middlesex County Ethics Commission v. Garden State Bar Association</u>, 457 U.S. 423, 432 (1982), must be satisfied for a court to apply <u>Younger</u> abstention.   <u>Sprint</u>, 571 U.S. at 81.  The Third Circuit has set forth the conditions as follows:  "[t]he proponent of abstention must show that (1) there are

6

ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Marran v. Marran, 376 F.3d 143, 154 (3d Cir. 2004).

Thus, six factors must be met for the forfeiture action to fall within the Younger abstention doctrine: the three factors to determine if the matter is quasi-criminal and the three Middlesex factors. Plaintiff challenges the applicability of only two of the factors.[2] First, with regard to the factors to determine if the case is indeed quasi-criminal, plaintiff argues that a forfeiture action is not a proceeding sought to sanction him as retribution for a violation of a legal right or duty. Second, he argues that the third Middlesex factor is not met, that is, he is not afforded an adequate opportunity to raise federal claims in the state court proceeding. After a careful review, the court disagrees with the plaintiff, and shall address these issues separately.

### 1) Civil Forfeiture / Quasi-Criminal

The first issue is whether the underlying state court civil forfeiture action is quasi criminal. As explained above, for a matter to be deemed quasi-criminal with regard to Younger Abstention, the proceeding must seek to sanction the

---

[2] The parties do not dispute the remaining four factors, and the court concludes that they have been met.

federal plaintiff as retribution for a violation of a legal right or duty. Borowski, 68 F.4th at 851. Plaintiff argues that the state did not commence the forfeiture action against him to sanction him. Indeed, according to plaintiff, the civil forfeiture action is not a proceeding against him at all as he is not a party to it. According to plaintiff, the purpose of the civil forfeiture action is to condemn the property and adjudge it forfeited, not to sanction him. No criminal charges have been brought against plaintiff himself.

Defendants disagree and point out that the courts which have addressed this issue have concluded that civil forfeiture actions are quasi-criminal in nature. Defendants cite to an unpublished Third Circuit Court of Appeals opinion which concluded that a forfeiture case required Younger abstention. Hessien v. Union Cnty. Prosecutors Off., 569 F. App'x 99, 102 (3d Cir. 2014).

Plaintiff argues that Hessein is inapplicable because two types of forfeitures exist, civil forfeiture and criminal forfeiture. The case at issue here is a civil forfeiture and the case in Hessein dealt with a criminal forfeiture. The court, however, disagrees with plaintiff's assessment. While it is true that Hessein dealt with a criminal forfeiture, the Sixth Circuit Court of Appels precedent it relied upon to determine that abstention is appropriate for the forfeiture action dealt with a civil forfeiture action. See Loch v. Watkins, 337 F.3d 574, 579 (6th Cir. 2003).

Loch noted that, "[t]hough Younger itself concerned abstention when a state criminal matter was pending, the doctrine has been interpreted to caution against interference in state civil matters." Loch 337 F.3d at 579. The Loch court then quoted the United States Supreme Court as follows:

> [T]he more vital consideration behind the Younger doctrine of nonintervention lay not in the fact that the state criminal process was involved but rather in the notion of comity, that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

Id. (quoting Juidice v. Vail, 430 U.S. 327, 334 (1977) (internal citations omitted)).

The court finds this reasoning persuasive and concludes that the civil forfeiture proceedings at issue are quasi-criminal such that the Younger abstention doctrine may apply. See also Postscript Enters., Inc. v. Peach, 878 F.2d 1114, 1116 (8th Cir. 1989) (holding that civil forfeiture proceedings are quasi-criminal in nature and explaining that "[t]he state's interest in these forfeiture proceedings is likely to be as great as its interest in its criminal law proceedings."); Fairfield Cmty. Clean Up Crew Inc. v. Hale, 735 F. App'x 602, 605 (11th Cir. 2018) ("[T]he state-court civil-forfeiture action is the type of which the Younger abstention principles generally apply[.]"); Garcia v. Wyoming, 587 F. App'x 464, 467 (10th Cir. 2014) ("The forfeiture proceedings in the Wyoming

courts present the kind of civil enforcement action that mandates abstention by the federal courts.").

The court finds unconvincing plaintiff's argument that abstention is inapplicable because the state did not bring the forfeiture proceedings directly against him, but against the property. The Supreme Court has held that "the requirements of Younger v. Harris c[an]not be avoided on the ground that no criminal prosecution [is] pending against" the federal plaintiff where the plaintiff "ha[s] a substantial stake in the state proceedings, so much so that they s[eek] federal relief. . . . " Hicks v. Miranda, 422 U.S. 332, 348-49 (1975). Here, the plaintiff has demonstrated such an interest. He claims ownership of the money that is the subject of the forfeiture proceeding and seeks federal relief to have it returned to him.

Based upon the above reasoning, the court concludes that the civil forfeiture proceeding in state court is quasi-criminal for the application of the Younger abstention doctrine.

## 2) Opportunity To Raise Federal Claims

As previously stated, the proponent of abstention must demonstrate that the state's proceedings afford an adequate opportunity to raise federal claims. Marran, 376 F.3d at 154. Plaintiff argues that he cannot raises his federal claims in the state court action. Here, the Commonwealth of Pennsylvania

brought forfeiture proceedings against the United States currency pursuant to 42 PA. CONS. STAT. ANN. § 5801 et seq. (Doc. 7-1).  The forfeiture petition indicates that plaintiff is the owner of the currency.  (Id. ¶ 5).  The basis for the forfeiture is that the Commonwealth claims that the currency "was furnished or intended to be furnished by any person in exchange for a controlled substance, in violation of the Controlled Substance, Drug, Device and Cosmetic Act, or is proceeds traceable to such an exchange, or used or intended to be used to facilitate any violation of said Act, or is otherwise subject to forfeiture under the 'Act.' " (Id. ¶ 8).

Plaintiff claims that the Commonwealth seized the currency unconstitutionally.  The Commonwealth seeks to permanently deprive plaintiff of the currency and have it forfeited to the Commonwealth.  (Id. foll. ¶ 8).  Under Pennsylvania law, "the Commonwealth may not permanently acquire derivative contraband which it has initially seized unconstitutionally."  In re $300,000 in U.S. Currency, 309 A.3d 1117, 1139-40 (Pa. Commw. Ct. 2024) (internal quotation marks and citation omitted).  Accordingly, it appears plaintiff can raise his constitutional claims to defeat the forfeiture petition.  In fact, in his affirmative defenses and his counterclaim/third-party complaint to the state court action, plaintiff raises his constitutional claims, (Doc. 7-2, ¶¶ 12-14; 16-50), and his argument to the contrary is unconvincing.

11

Accordingly, <u>Younger</u> abstention applies to this case.  A question remains, however, as to whether the proper procedural action is to dismiss the case outright or stay the case until the state court proceedings have concluded.  The law provides that where the federal suit seeks only damages, "then a federal court cannot dismiss the suit but may, in the exercise of its discretion, stay the case for the pendency of the state proceedings."  <u>Borowski</u>, 68 F.4th at 850.  Here, plaintiff seeks damages in his complaint.  Thus, it appears  that imposing a stay on the instant lawsuit is the appropriate course of action.[3] The stay will be lifted after the state court forfeiture proceedings are concluded.

### 3) Motion For Reconsideration

One final issue remains to be addressed.  On September 20, 2024, defendants filed a motion for an extension of time to respond to the complaint pending the court's ruling on the motion for a stay.  (Doc. 8).  The basis for the motion was that if a stay were granted, the case would not proceed until after the state court ruled.  The state court ruling may provide additional grounds on which defendants could move for the dismissal of the complaint.  The court granted the extension and ordered that an answer be filed within thirty days of the denial of

_____

[3] Plaintiff also complains that he cannot seek damages in the forfeiture proceedings.  Because the case will only be stayed, and not dismissed, he will be able to seek damages once the forfeiture proceedings are finished, if appropriate, without the federal court improperly ruling on the propriety of the forfeiture before the state rules.

the motion to stay (if the stay were denied) and within thirty days of the lifting of the stay (if the stay were granted). (Doc. 9). Plaintiff moved for a reconsideration of this order as the court granted it before he had an opportunity to respond and the defendants' motion to stay was without merit. The plaintiff's motion for reconsideration will be denied. The orderly disposition of this lawsuit will benefit from the parties having the state court ruling to use in future filings, and as noted above, a stay will be granted in this case.

**Conclusion**

For the reasons set forth above, the court concludes that Younger abstention applies to this instant case. The matter will be stayed until the disposition of the state court forfeiture proceedings. An appropriate order follows.

Date: 12/9/24

JUDGE JULIA K. MUNLEY
United States District Court

13